IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES G. GOLDMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>CHARLES SCHWAB & CO., INC.,<br><br>  Defendant. | No. C 10-1470 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PARTIAL DISMISSAL AND TO STRIKE; VACATING HEARING** |

Before the Court is defendant Charles Schwab & Co., Inc.'s "Motion for Partial Dismissal and to Strike Paragraphs 42 and 43 of First Amended Complaint," filed July 2, 2010. Plaintiff Charles S. Goodman has filed opposition, to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for August 6, 2010, and rules as follows:

1. To the extent the motion seeks dismissal of plaintiff's claim that defendant terminated plaintiff in violation of 29 U.S.C. § 1140, the motion is hereby GRANTED. The First Amended Complaint ("FAC") includes no facts to support a claim that defendant terminated plaintiff "for the purpose of interfering with the attainment of any right to which [plaintiff] may become entitled under [an ERISA] plan." See 29 U.S.C. § 1140. Rather, plaintiff alleges he was terminated on November 18, 2008 "when he was given notice that

1 he was permanently laid off as the result of 'streamlining efforts on the part of the
2 company'" (see FAC ¶ 8), by which termination plaintiff <u>became</u> eligible for benefits under
3 the Charles Schwab Severance Pay Plan (see <u>id.</u>).  Cf. <u>Ritter v. Hughes Aircraft Co.</u>, 58
4 F.3d 454, 456, 458-59 (9th Cir. 1995) (analyzing merits of claim that defendant violated
5 § 1140 by laying off plaintiff with intent to "prevent the vesting of his retirement benefits").
6 Although defendant later took the position, when it evaluated plaintiff's claim for benefits,
7 that plaintiff was not entitled to benefits because he <u>could have been</u> terminated for cause
8 (<u>see</u> FAC ¶ 37),[1] such determination, as noted, is not alleged by plaintiff to be the reason
9 for the November 18, 2008 termination decision.

10        2.  To the extent the motion seeks dismissal of plaintiff's claim that defendant is
11 subject to statutory penalties pursuant to 29 U.S.C. § 1132(c)(1), for its alleged failure to
12 provide plaintiff with certain documents that were "considered, generated or relied upon" by
13 defendant in evaluating plaintiff's claim for benefits (see FAC ¶ 41), the motion is hereby
14 DENIED.  See <u>Sgro v. Danone Waters</u>, 532 F.3d 940, 944-45 (9th Cir. 2008) (holding
15 claimant may state claim against plan administrator pursuant to § 1132(c)(1) for failure to
16 provide requested copies of "all documents, records, and other information relevant to the
17 claimant's claim for benefits"; remanding with directions to afford plaintiff leave to amend
18 § 1132(c)(1) claim to allege plan administrator had been requested to provide plaintiff with
19 "complete copy of his claim file").

20        3.  To the extent the motion seeks an order striking paragraphs 42 and 43 from the
21 FAC, the motion is hereby GRANTED.  In the subject paragraphs, plaintiff alleges that an
22 arbitrator hearing a "case" brought by Timothy Leahy ("Leahy") found defendant to have
23 "falsely stated human resources violations [were] the reason for Leahy's termination" (<u>see</u>
24 FAC ¶ 42), and that "similar evidence exists regarding [defendant's] selective enforcement
25 and misapplication of its human resources policies in other cases" (see FAC ¶ 43).
26 Although evidence that an "employer that both funds the plan and evaluates the claims"

27
28   [1]The propriety of this later determination is the subject of plaintiff's claim for benefits, which claim is not challenged by the instant motion.

1  has "a history of biased claims administration" may be relevant to a determination of
2  whether the employer abused its discretion in denying a claim for ERISA benefits, see
3  Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S. Ct. 2343, 2348, 2351 (2008),
4  here, plaintiff does not allege that Leahy or any person in the "other cases" sought an
5  ERISA benefit from defendant.  In the absence of such an allegation, the information
6  alleged in ¶¶ 42 and 43 of the FAC is "immaterial."  See Fed. R. Civ. P. 12(f) (providing
7  court may strike "immaterial" matter from pleading).[2]

**IT IS SO ORDERED.**

Dated: August 3, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent Leahy or any other employee may, in fact, have been denied severance benefits, and to the extent any such denial may be relevant with respect to the Court's later review of the denial at issue herein, the Court at present is aware of no authority precluding its admissibility on the ground such facts were not pleaded in the FAC.